

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

---

WENDY MCWILLIAMS, individually and on behalf of others similarly situated,

Plaintiff,

v.

ADVANCED RECOVERY SYSTEMS, INC. and YOUNG WELLS WILLIAMS, P.A.

Defendants.

Civil Action No.: 3:15cv70 CWR-LRA

<u>COMPLAINT - - CLASS ACTION</u>

**JURY TRIAL DEMANDED**

---

## NATURE OF ACTION

1.      This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As the Consumer Financial Protection Bureau ("CFPB")—the Federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices

than about any other issue."[1] In fact, in 2013, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe. CFPB 2014 Report at 12, 13.

3. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a). A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.* § 1692g(a). Pertinent here, the validation notice must advise the consumer of his rights to dispute the debt and to request "the name and address of the original creditor, if different from the current creditor." *Id.* If the consumer disputes the debt in writing within thirty days of receiving such a notice, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and mails the consumer a copy of that verification. *Id.*, § 1692g(b).

4. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez v. Williams, Zinman & Parham, P.C.*, No. 14-15672, Dkt. Entry 14 at 5 (9th Cir. Aug. 20, 2014) (quoting S. Rep. No. 95-382, at 4 (1977)).[2]

---

[1] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2014* 9, 10 (2014) ("CFPB 2014 Report"), http://files.consumerfinance.gov/f/201403_cfpb_fair-debt-collection-practices-act.pdf

[2] *See* http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

5.  This case centers on the failure of Advanced Recovery Systems, Inc. and Young Wells Williams, P.A. (collectively, "Defendants") to properly provide the disclosures required by 15 U.S.C. § 1692g in their initial written communications to Mississippi consumers, or within five days thereafter. Separately, Defendants routinely violate the FDCPA by providing Mississippi consumers with misleading summonses in conjunction with state court debt collection lawsuits filed against such consumers, in violation of the FDCPA.

**PARTIES**

6.  Wendy McWilliams ("Plaintiff") is a natural person who at all relevant times resided in Hinds County, Mississippi.

7.  Plaintiff's alleged obligation, owed or due, or asserted to be owed or due, was acquired from the original creditor, St. Dominic/Jackson Memorial Hospital, by Defendants after default, and arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services incurred by Plaintiff (the "Debt").

8.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.  Advanced Recovery Systems, Inc. ("ARS") is a Mississippi corporation with principal offices in Flowood, Mississippi.

10. ARS is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Young Wells Williams, P.A. ("Young Wells") is a law firm with principal offices in Ridgeland, Mississippi.

12. Young Wells is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. At all relevant times, Young Wells acted on behalf of, and as an agent of, ARS. ARS hired Young Wells to collect the Debt from Plaintiff.

14. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another, or which were obtained by Defendants after default.

15. Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

16. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

17. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## FACTUAL ALLEGATIONS

18. On or about August 27, 2014, Young Wells, on behalf of ARS, sent a written communication to Plaintiff in connection with the collection of the alleged Debt. A true and correct copy of the August 27, 2014 communication is attached hereto as Exhibit A.

19. The August 27, 2014 communication was the first communication Plaintiff received from Young Wells or ARS.

20. The August 27, 2014 communication stated that Plaintiff's "account with ADVANCED RECOVERY SYSTEMS, INC., has been turned over to this office for collection. The amount you owe is $2,166.80." *See* Ex. A.

21. The August 27, 2014 communication further stated, in bold, capitalized letters: "**THIS LETTER IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**". *See* Ex. A.

22. The August 27, 2014 communication also stated, in bold, capitalized letters:

**UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT WITHIN THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE DEBT WILL BE PRESUMED TO BE VALID.**

**IF YOU NOTIFY US WITHIN THIRTY (30) DAYS THAT THE DEBT OR ANY PORTION OF IT IS DISPUTED, WE WILL MAIL VERIFICATION OF THE DEBT TO YOU.**

**ALSO, UPON YOUR REQUEST WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT ONE.**

Ex. A.

23. Finally, Defendants' August 27, 2014 communication stated: "You MUST send your payment to me at the address below to avoid the possibility of being sued." Ex. A.

24. Defendants' August 27, 2014 communication violated 15 U.S.C. § 1692g for multiple reasons, including: (a) by stating that a failure to dispute the debt would result in a presumption that the debt is valid not just by the debt collector, (b) by failing to inform Plaintiff that Defendants need only mail verification of the debt to her if she notifies Defendants of her request in writing, (c) by failing to inform Plaintiff that Defendants need only identify the name and address of the original creditor if Plaintiff notifies Defendants of her request in writing, and (d) by overshadowing the notice of validation of rights by informing Plaintiff that the only possibility of avoiding a lawsuit is to make payment in full.

25. After receiving the August 27, 2014 communication, Plaintiff called Young Wells and disputed the amount of the alleged Debt.

26. To be sure, the August 27, 2014 overstated the amount owed by Plaintiff, to the extent Plaintiff owed anything at all.

27. On September 8, 2014, the original creditor agreed—in writing—to waive the alleged Debt.

28. Thereafter, on September 25, 2014, Plaintiff faxed the confirmation from the original creditor that her Debt had been waived to both Young Wells and ARS.

29. Nevertheless, and despite that Plaintiff did not owe the alleged Debt and informed Defendants as such, on or about October 17, 2014, Young Wells, on behalf of ARS, filed a lawsuit against Plaintiff in the Circuit Court of Hinds County, Cause No. 14-3861, in an attempt to collect the alleged Debt from Plaintiff.

30. In conjunction with the state court lawsuit, Defendants prepared a summons, which they caused to be served on Plaintiff. A true and correct copy of the summons, dated October 17, 2014, is attached hereto as Exhibit B.

31. The summons stated, in relevant part:

**UNLESS YOU DISPUTE THE VALIDTY OF THE DEBT WITHIN THIRTY (30) DAYS FORM THE RECEIPT OF THIS NOTICE, THE DEBT WILL BE PRESUMED TO BE VALID, IF YOU NOTIFY US WITHIN THIRTY (30) DAYS THAT THE DEBT OR ANY PORTION OF IT IS DISPUTED, WE WILL MAIL VERIFICATION OF THE DEBT TO YOU. ALSO, UPON YOUR REQUEST WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT ONE.**

Ex. B (emphasis in original).

32. However, because the state court complaint was served on Plaintiff more than 30 days after Defendants' initial written communication, Plaintiff no longer had the rights conferred by 15 U.S.C. §1692g.

33. Moreover, the summons falsely stated that Plaintiff's failure to dispute the Debt within 30 days would cause the Debt to be presumed valid in a court of law.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of three Classes, consisting of:

### The Notice Class

All persons located in the State of Mississippi to whom, within one year before the date of this complaint, Young Wells Williams, P.A. and/or Advanced Recovery Systems, Inc. sent an initial written communication in connection with an attempt to collect any purported consumer debt, in which the written communication stated as follows:

**UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT WITHIN THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE DEBT WILL BE PRESUMED TO BE VALID.**

and/or:

**IF YOU NOTIFY US WITHIN THIRTY (30) DAYS THAT THE DEBT OR ANY PORTION OF IT IS DISPUTED, WE WILL MAIL VERIFICATION OF THE DEBT TO YOU.**

and/or:

**ALSO, UPON YOUR REQUEST WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT ONE.**

### The Overshadowing Class

All persons located in the State of Mississippi to whom, within one year before the date of this complaint, Young Wells Williams, P.A. and/or Advanced Recovery Systems, Inc. sent an initial written communication in connection with an attempt to collect any purported consumer debt, in which the written communication stated as follows:

You MUST send your payment to me at the address below to avoid the possibility of being sued.

### The Lawsuit Class

All persons located in the State of Mississippi to whom, within one year before the date of this complaint, Young Wells Williams, P.A. and/or Advanced Recovery Systems, Inc. sent a summons, as part of a lawsuit filed by against such person, that stated: "UNLESS YOU DISPUTE THE VALIDTY OF THE DEBT WITHIN THIRTY (30) DAYS FORM THE RECEIPT OF THIS NOTICE, THE DEBT WILL BE PRESUMED TO BE VALID, IF YOU NOTIFY US WITHIN THIRTY (30) DAYS THAT THE DEBT OR ANY PORTION OF IT IS DISPUTED, WE WILL MAIL VERIFICATION OF THE DEBT TO YOU. ALSO, UPON YOUR REQUEST WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT ONE."

Excluded from the classes are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had controlling interests.

35. The proposed classes are so numerous that joinder of all members is impracticable. The exact number of members of the Classes is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed classes are ascertainable in that the names and addresses of all members of the proposed classes can be identified in business records maintained by Defendants.

36. Plaintiff's claims are typical of the claims of the members of the classes because the claims of Plaintiff and all of the members of the classes originate from the same conduct, practice and procedure on the part of Defendants and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed classes.

37. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation. Plaintiff

has no interests that are contrary to or in conflict with the members of the classes that Plaintiff seeks to represent.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

39. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

40. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the classes. Among the issues of law and fact common to the classes are:

    a. Defendants' violations of the FDCPA as alleged herein;

    b. Defendants' failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g;

    c. Defendants' misleading summonses prepared in conjunction with state court debt collection lawsuits;

    d. the existence of Defendants' identical conduct particular to the matters at issue;

    e. the availability of statutory penalties; and

    f. the availability of attorneys' fees and costs.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION
## PRACTICES ACT, 15 U.S.C. §1692g
### On Behalf of Plaintiff and the Notice Class

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 40.

42. 15 U.S.C. § 1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*;

(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(emphasis added).

10

43.     Defendants' August 27, 2014 communication was their initial communication to Plaintiff.

44.     The August 27, 2014 communication was in connection with an attempt to collect the Debt from Plaintiff.

45.     The August 27, 2014 communication did not contain the proper disclosures required by 15 U.S.C. §1692g, nor did Defendants provide such disclosures within five days thereafter.

46.     Specifically, the August 27, 2014 communication violated 15 U.S.C. § 1692g: (a) by stating that a failure to dispute the debt would result in a presumption that the debt is valid not just by the debt collector, (b) by failing to inform Plaintiff that Defendants need only mail verification of the debt to her if she notifies Defendants of her request in writing, and (c) by failing to inform Plaintiff that Defendants need only identify the name and address of the original creditor if Plaintiff notifies Defendants of her request in writing.

47.     As a result, Defendants violated 15 U.S.C. §1692g.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692g(b)
### On Behalf of Plaintiff and the Overshadowing Class

48.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 40.

49.     15 U.S.C. §1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

11

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

50. The manner in which Defendants conveyed the validation notice required by 15 U.S.C. §1692g was ineffective and overshadowed and contradicted the statutory notice.

51. Specifically, the August 27, 2014 communication stated: "You MUST send your payment to me at the address below to avoid the possibility of being sued." This statement conveyed to the least-sophisticated consumer that the only way to avoid a lawsuit was to make full payment immediately, when, in reality, the consumer could dispute all or a portion of the debt during the 30-day validation window.

52. The effect of the August 27, 2014 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights afforded under 15 U.S.C. § 1692g.

53. In addition, Defendants' August 27, 2014 communication overshadowed and rendered ineffective the disclosures required by 15 U.S.C. § 1692g.

54. The language that Defendants included in their August 27, 2014 letter to Plaintiff contradicts statutorily mandated disclosures that Defendants were required to provide to Plaintiff.

55. In the alternative, Defendants, through their letter, failed to explain an apparent, though not actual contradiction that their letter creates regarding statutorily mandated disclosures that Defendants were required to provide to Plaintiff.

56. Defendants designed their August 27, 2014 letter to Plaintiff to evade the spirit of the FDCPA, and to lead Plaintiff to disregard her statutory rights under the FDCPA.

57. Defendants, therefore, violated 15 U.S.C. § 1692g(b) by contradicting—whether actually or apparently—disclosures required by 15 U.S.C. § 1692g(a), and by overshadowing disclosures required by 15 U.S.C. § 1692g(a).

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692e(10)
### On Behalf of Plaintiff and the Litigation Class

58. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 40.

59. 15 U.S.C. §1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

60. In their summons, Defendants falsely stated:

13

> **UNLESS YOU DISPUTE THE VALIDTY OF THE DEBT WITHIN THIRTY (30) DAYS FORM THE RECEIPT OF THIS NOTICE, THE DEBT WILL BE PRESUMED TO BE VALID, IF YOU NOTIFY US WITHIN THIRTY (30) DAYS THAT THE DEBT OR ANY PORTION OF IT IS DISPUTED, WE WILL MAIL VERIFICATION OF THE DEBT TO YOU. ALSO, UPON YOUR REQUEST WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT ONE.**

61. These representations were false and misleading because the lawsuit was filed long after the initial written communication sent by Defendants to Plaintiff, and as such Plaintiff no longer had the rights and protections afforded by 15 U.S.C. §1692g available to her, despite the representations in the Notice to the contrary.

62. Moreover, the summons falsely stated that Plaintiff's failure to dispute the Debt within 30 days would cause the Debt to be presumed valid in a court of law.

63. Finally, Defendants falsely stated that Plaintiff owed the Debt through their lawsuit against her when, prior to filing their lawsuit, Defendants had been specifically informed that Plaintiff did not owe the Debt at issue.

64. As such, Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendants violated 15 U.S.C. § 1692g, 15 U.S.C. § 1692g(b), and 15 U.S.C. § 1692e(10).

c. Awarding Plaintiff and members of each class statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

14

d. Awarding Plaintiff and members each class actual damages sustained as a result of Defendants' violations, pursuant to 15 U.S.C. §1692k;

e. Awarding Plaintiff and members each class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k and Rule 23 of the Federal Rules of Civil Procedure;

f. Awarding Plaintiff and the members each class any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

DATED: January 26, 2015                Respectfully submitted,

SHIREEN HORMOZDI
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 800.994.9855
Fax: 866.929.2434
shireen@norcrosslawfirm.com

MICHAEL L. GREENWALD*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: 561.826.5477
Fax: 561.961.5684
mgreenwald@gdrlawfirm.com

* to seek admission *pro hac vice*

Counsel for Plaintiff and the proposed classes