**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**WENDY MCWILLIAMS,** *individually and*                          **PLAINTIFF**
*on behalf of others similarly situated*

**V.**                                                      **CAUSE NO. 3:15-CV-70-CWR-LRA**

**ADVANCED RECOVERY SYSTEMS,**                              **DEFENDANTS**
**INC.; YOUNG WELLS WILLIAMS, P.A.**

<u>**ORDER**</u>

Before the Court is Young Wells Williams' motion to dismiss. Docket No. 16. The

matter is fully briefed and ready for adjudication.

**I.      Factual and Procedural History**

In this class action, Wendy McWilliams claims Advanced Recovery Systems and the

Young Wells Williams law firm violated the Fair Debt Collection Practices Act (FDCPA), 15

U.S.C. § 1692 *et seq*., when they attempted to collect a debt McWilliams allegedly owed to St.

Dominic's Hospital.

In August 2014, Young Wells Williams sent McWilliams a debt collection letter. The

body of the letter, which was attached to the complaint, read as follows:

> Your account with ADVANCED RECOVERY SYSTEMS, INC., has been turned
> over to this office for collection. The amount you owe is $2,166.80.
>
> **UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT WITHIN
> THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE
> DEBT WILL BE PRESUMED TO BE VALID.**
>
> **IF YOU NOTIFY US WITHIN THIRTY (30) DAYS THAT THE DEBT OR
> ANY PORTION OF IT IS DISPUTED, WE WILL MAIL VERIFICATION
> OF THE DEBT TO YOU.**
>
> **ALSO, UPON YOUR REQUEST WE WILL PROVIDE YOU THE NAME
> AND ADDRESS OF THE ORIGINAL CREDITOR, IF THE ORIGINAL
> CREDITOR IS DIFFERENT FROM THE CURRENT ONE.**

**THIS LETTER IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

You MUST send your payment to me at the address below to avoid the possibility of being sued. **To discuss payment arrangements please call 601-948-6100.**

If there are any questions, please contact me at the number below.

Docket No. 1-2, at 2. The 30-day period mentioned in the letter "is commonly called the 'validation period,' and the aforementioned notice is routinely referred to as the 'validation notice.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 412 (7th Cir. 2005).

In Count I, McWilliams alleges that three sentences in this letter incorrectly communicate the validation notice required by the FDCPA. "Specifically," she says, the letter violated the FDCPA "(a) by stating that a failure to dispute the debt would result in a presumption that the debt is valid not just by the debt collector, (b) by failing to inform Plaintiff that Defendants need only mail verification of the debt to her if she notifies Defendants of her request in writing, and (c) by failing to inform Plaintiff that Defendants need only identify the name and address of the original creditor if Plaintiff notifies Defendants of her request in writing." Docket No. 1, at 11.

In Count II, McWilliams alleges that the threat of litigation – "You MUST send your payment to me . . . to avoid the possibility of being sued" – overshadowed and rendered ineffective the validation notice. "In other words," she says, "disputing the debt would be futile because Young Wells intended to file suit unless Plaintiff made prompt payment." Docket No. 20, at 3.

Following her receipt of this letter, McWilliams orally disputed the debt with Young Wells Williams, got the hospital to waive the debt, and faxed the hospital's confirmation letter to Young Wells Williams. Despite those developments, she claims that the defendants sued her for

2

the debt in the state courts of Mississippi. The summons contained the customary court heading

and case caption, after which came this body text:

> THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.
>
> **UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT WITHIN THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE DEBT WILL BE PRESUMED TO BE VALID, IF YOU NOTIFY US WITHIN THIRTY (30) DAYS THAT THE DEBT OR ANY PORTION OF IT IS DISPUTED, WE WILL MAIL VERIFICATION OF THE DEBT TO YOU. ALSO, UPON YOUR REQUEST WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT ONE.**
>
> You are required to mail a copy of a written response to the Complaint to . . . Young Wells Williams P.A. and whose address is . . . . Your response must be mailed within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.
>
> You must also file the original of your response with the Clerk of this Court within a reasonable time afterward. . . .

Docket No. 1-3, at 2. This summons was also attached to the complaint.

In Count III, McWilliams claims the summons violated § 1692e(10) of the FDCPA

because it falsely stated that she owed a debt, that she still had the right to dispute the debt's

validity, and that her failure to contest the validity within 30 days would result in it being

presumed valid by the court. Docket No. 1, at 14.

Young Wells Williams now argues that Counts II and III fail to state a claim.

## II.   Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court accepts the

plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and

plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78

(quotation marks and citation omitted). This requires "more than an unadorned, the defendant-

unlawfully-harmed-me accusation," but the complaint need not have "detailed factual

allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also

be plausible on their face, which means there is "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation

omitted).

**III.    Discussion**

"The purpose of the [FDCPA] is to 'eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses.'" *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668

(5th Cir. 2012) (quoting 15 U.S.C. § 1692(e)). Accordingly, the statute requires debt collectors to

provide the following information to consumers within five days of the debt collector's initial

communication:

> (1) "the amount of the debt";
> (2) "the name of the creditor to whom the debt is owed";
> (3) a statement that unless the consumer "disputes the validity of the debt" within
> 30 days, the debt collector will assume the debt is valid;
> (4) a statement that if the consumer notifies the collector that the consumer is
> disputing the debt in writing within the 30 day period, "the debt collector will
> obtain verification of the debt [from the creditor] . . . and a copy of [the]
> verification . . . will be mailed to the consumer"; and
> (5) "a statement that, upon the consumer's written request," the debt collector will
> give the consumer "the name and address of the original creditor, if different from
> the current creditor."

*Id.* (quoting 15 U.S.C. § 1692g(a)).

4

"The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other language in its communication with consumers overshadows or is inconsistent with the statutorily-mandated notice." *Id.* (quotation marks and citations omitted).

Courts "evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard," assuming that the plaintiff "is neither shrewd nor experienced in dealing with creditors." *Id.* at 669 (quotation marks and citations omitted). The bar for the unsophisticated consumer is not the "very last rung on the . . . sophistication ladder." *Goswami v. Am. Collections Enter., Inc*., 377 F.3d 488, 495 (5th Cir. 2004) (quotation marks and citation omitted). "The unsophisticated consumer isn't a dimwit. She may be uninformed, naïve, and trusting, but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Wahl v. Midland Credit Mgmt., Inc*., 556 F.3d 643, 645 (7th Cir. 2009) (quotation marks, citations, and brackets omitted). "She is not illiterate and can be expected to read the entire collection letter with some care." *Osborn v. Ekpsz, LLC.*, 821 F. Supp. 2d 859, 867 (S.D. Tex. 2011) (citation omitted). The unsophisticated or least sophisticated consumer standard is supposed to both protect consumers "from deceptive debt collection practices and protect[] debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *McMurray*, 687 F.3d at 669 (quotation marks and citation omitted).

A.      **"Overshadowing"**

The parties have discussed Count II as an overshadowing claim. That term may be inapt here.

"A validation letter engages in overshadowing when the contradictory language is in 'screaming headlines,' or the notice language is in fine print, faint print, or confusing typeface." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 349 n.2 (5th Cir. 2002) (quotation marks and citation omitted). The letter McWilliams received contains no such defect. She does not even allege a font or typeface problem.

The closest McWilliams comes to alleging overshadowing is her conclusory suggestion that the placement of the "You MUST send your payment to me" paragraph gave her the "lasting impression" that she had to pay to avoid suit. Docket No. 20, at 19.

The Court has considered this claim as if it were an unsophisticated consumer, as it must in this unique body of law, and disagrees that "overshadowing" can be found here. This paragraph is in the same font and size as the rest of the letter. Its presentation is not fine, faint, or confusing. In truth, visually speaking, this paragraph comes as a relief to the reader because unlike those above it, it is not capitalized and the first sentence is not bolded. Overshadowing is not the right term here. *Accord McMurray*, 687 F.3d at 671 (finding no overshadowing given the placement and font of the challenged language).

The issue at the heart of Count II, rather, is whether the payment paragraph created confusion or contradicted the validation notice. McWilliams claims that the paragraph told readers "that any disputes would be futile because, absent payment, Young Wells will take consumers to court, even for debts they do not owe." Docket No. 20, at 17.[1]

One problem with McWilliams' theory is that she has overstated the threat. The payment paragraph did not threaten suit if payment was not made. It actually said that she must pay "to

---

[1] The Seventh Circuit has nicely summarized the dilemma. The fact that "on one hand, the debt collector is telling the debtor that the debtor has the right to dispute, and, on the other hand, the debt collector is telling the debtor to pay," "has created a breeding ground for claims of unsophisticated-debtor confusion." *Durkin*, 406 F.3d at 416.

avoid *the possibility* of being sued." Docket No. 1-2, at 2 (emphasis added). In and of itself, that is not misleading. The letter did not say that suit was immediate or imminent.

The biggest hurdle for McWilliams' theory, though, is Fifth Circuit precedent. In *Peter v. GC Services*, the plaintiff claimed inconsistency from a debt collection letter containing the following sentences: "FULL COLLECTION ACTIVITY WILL CONTINUE UNTIL THIS ACCOUNT IS PAID IN FULL. . . . TO AVOID FURTHER COLLECTION ACTIVITY, YOUR STUDENT LOAN MUST BE PAID IN FULL." 310 F.3d at 349. The court "conclude[d] that these lines do not misrepresent, contradict, or overshadow the language explaining plaintiff debtor's statutory rights." *Id.* It reasoned that the language was unproblematic because it "did not demand payment in a specific time period shorter than 30 days." *Id.* at 350.

Our case is close enough to be resolved similarly. As in *Peter*, Young Wells Williams' debt collection letter demanded full payment with the word "MUST." But it did not demand payment within the 30-day validation period. It did not threaten legal action within that period. And, as explained above, the threat was the possibility of suit, not suit itself.

In a footnote, McWilliams claims that *Peter* is unavailing because it was a time period case; hers is distinguishable because Young Wells Williams' debt collection letter contained the word "MUST." Docket No. 20, at 19 n.8. She overlooks the fact that the debt collection letter in *Peter* also contained the word "MUST." McWilliams then argues that this Court should apply *Johnson v. Eaton*, 873 F. Supp. 1019, 1023 (M.D. La. 1995). In that case, though, the district court found inconsistency because the debt collector's letter demanded payment within seven days. *Id.* Young Wells Williams' letter obviously did not do that.

Under the reasoning of *Peter*, Count II of the complaint must be dismissed. *Accord Durkin*, 406 F.3d at 417 ("the simple act of demanding payment in a collection letter during the

validation period does not automatically create an unacceptable level of confusion so as to entitle the plaintiffs to summary judgment").

**B.      The Summons**

In the final two paragraphs of its motion, Young Wells Williams argues without citation that Count III should be dismissed because (a) it was not unlawful to give McWilliams an additional 30-day validation period in the summons, and (b) the summons did not say that failure to dispute the debt would result in it being presumed valid by the court.

Count III is brought pursuant to that part of the FDCPA which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

It is worth observing that McWilliams' allegations in Count III are broader than Young Wells Williams' present arguments, so even if this motion was successful in its entirety, Count III would survive in part. That said, the Court concludes that Count III adequately states a claim.

Young Wells Williams' supporting memorandum is too thin on whether a debt collector may, within a well-drafted summons, voluntarily extend to the debtor a second 30-day validation period with full FDCPA rights. While that may in fact be unproblematic, the Court is hesitant to step into such a general question on this record.

Assuming debtors can provide an additional notice period, though, even "gratuitously provided" notices may not be deceptive. *Freire v. Aldridge Connors, LLP*, 994 F. Supp. 2d 1284, 1289 (S.D. Fla. 2014). And in this case, Young Wells Williams' decision to place a 30-day validation period in the summons may run afoul of the summons' own 30-day period (under Mississippi law) for McWilliams to respond to the complaint. Although the deadlines are the same, an unsophisticated consumer may not understand that their decision to dispute the validity

of the debt by contacting the debt collector would not relieve them of the independent 30-day deadline to respond to the complaint. *See Carbonell v. Weinstein Pinson & Riley, P.S.*, No. 14-CV-20273-WPD, 2014 WL 2581043, at *4 (S.D. Fla. May 30, 2014) ("What documents must be sent to what place and by what deadline must be complied with to avoid forfeiting legal rights is certainly material.").

Part of the complication stems from the summons' ambiguous use of the terms "**US**" and "**WE**." Although the Court understands from experience that the summons was drafted by Young Wells Williams, the summons was issued under the seal of the Clerk of Court, was signed by a Deputy Clerk, and contained a formal heading and case caption. Given this appearance, an unsophisticated consumer reading the phrases "**IF YOU NOTIFY US WITHIN THIRTY (30) DAYS**" and "**UPON YOUR REQUEST WE WILL PROVIDE YOU**" may not know whether "**US**" and "**WE**" referred to Young Wells Williams or the court itself. *E.g.*, *Tolentino v. Friedman*, 833 F. Supp. 697, 701 (N.D. Ill. 1993); *see also Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 136 (2d Cir. 2010) ("without some explanation to the consumer of the relationship between the suit and the provisions in the notice, it may well appear to the least sophisticated consumer that being taken to court trumps any other out-of-court rights she had"). Nothing explained who "spoke" which paragraph of the summons. That ambiguity could result in a significant misunderstanding. A consumer's decision to tell the Clerk of Court that she disputed the debt would not cause the Clerk to mail verification to the consumer. And filing such a dispute with the Clerk may have prejudiced the consumer's legal case, as critical legal rights could have been waived by their absence in the first responsive filing. *E.g.*, *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *3 (S.D. Fla. Oct. 29, 2013).

The same conclusion applies to the dispute over which actor would have presumed the uncontested debt to be valid. The summons does not say whether Young Wells Williams or the court would presume the uncontested debt to be valid. Given the layout of the summons, an unsophisticated consumer could think that the court would presume the debt to be valid. Others have found similar language to be deceptive. *See Carbonell*, 2014 WL 2581043, at *4 ("This significant misstatement of the law, particularly where it is included in the state court complaint, would likely lead the least sophisticated consumer to believe that it is the state court who will assume the debt to be valid.").[2]

For these reasons, Count III adequately states a claim.

IV.     **Conclusion**

The motion to dismiss is granted in part and denied in part.

**SO ORDERED**, this the 5th day of June, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] In rebuttal, Young Wells Williams argues that the court could in fact presume an uncontested debt to be valid after the expiration of the 30-day deadline, since it could entertain and grant a motion for default judgment. The issue need not be resolved today, as arguments raised for the first time in rebuttal cannot be addressed by the other side and are therefore not properly before the Court. *See Wallace v. Cnty. of Comal*, 400 F.3d 284, 292 (5th Cir. 2005).