IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WENDY MCWILLIAMS,** *individually and*  **PLAINTIFF**
*on behalf of others similarly situated*

**V.**  **CAUSE NO. 3:15-CV-70-CWR-LRA**

**ADVANCED RECOVERY SYSTEMS,**  **DEFENDANTS**
**INC.; YOUNG WELLS WILLIAMS, P.A.**

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Class Representative Wendy McWilliams's motion for preliminary approval of class action settlement. Docket No. 74. The motion is unopposed and ready for adjudication.

Although the motion is unopposed, the Court held a hearing on October 13, 2016, and counsel for the parties, to the satisfaction of the Court, addressed all issues raised by the Court. The Court has now been advised that the parties to this action, Wendy McWilliams ("Plaintiff" or "Class Representative"), and Advanced Recovery Systems, Inc. and Young Wells Williams P.A. (collectively, "Defendants"), through their respective counsel, have agreed, subject to Court approval following notice to the class members and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein;

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be

held on **March 1, 2017**, after notice to the class members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this lawsuit, IT IS HEREBY ORDERED:

## I.     Factual and Procedural History

This Court previously set forth the facts underlying this heavily contested matter in its order resolving the parties' motions for summary judgment:

> In this class action, Wendy McWilliams claims Advanced Recovery Systems (ARS) and Young Wells Williams (YWW) violated the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §§ 1692 *et seq*.
>
> On August 27, 2014, YWW sent McWilliams a debt collection letter. The relevant text read as follows:
>
>> Your account with ADVANCED RECOVERY SYSTEMS, INC., has been turned over to this office for collection. The amount you owe is $2,166.80.
>>
>> **UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT WITHIN THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE DEBT WILL BE PRESUMED TO BE VALID.**
>>
>> **IF YOU NOTIFY US WITHIN THIRTY (30) DAYS THAT THE DEBT OR ANY PORTION OF IT IS DISPUTED, WE WILL MAIL VERIFICATION OF THE DEBT TO YOU.**
>>
>> **ALSO, UPON YOUR REQUEST WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT ONE.**
>>
>> **THIS LETTER IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
>>
>> You MUST send your payment to me at the address below to avoid the possibility of being sued. **To discuss payment arrangements please call 601–948–6100.**
>>
>> If there are any questions, please contact me at the number below.

The 30–day period in the letter "is commonly called the 'validation period,' and the aforementioned notice is routinely referred to as the 'validation notice.' " *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 412 (7th Cir.2005).

In Count I, McWilliams alleges that three sentences in the letter incorrectly communicated the FDCPA's required validation notice. "Specifically," the letter erred "(a) by stating that a failure to dispute the debt would result in a presumption that the debt is valid not just by the debt collector, (b) by failing to inform Plaintiff that Defendants need only mail verification of the debt to her if she notifies Defendants of her request in writing, and (c) by failing to inform Plaintiff that Defendants need only identify the name and address of the original creditor if Plaintiff notifies Defendants of her request in writing."

*       *       *

It is for Count III that additional facts must be recited.

As of the August 27 letter, YWW and ARS thought McWilliams owed $1,640 to St. Dominic's Hospital and $526.80 to Physicians Anesthesia.

On September 2, YWW emailed ARS to seek confirmation of these balances. Apparently, a YWW employee had spoken with McWilliams, who claimed that she had been paying on some portion of the debt and had also been approved by St. Dominic's for financial assistance. The next day, ARS confirmed to YWW that the full $2,166.80 was owed.

On September 8, St. Dominic's waived, in writing, its share of the debt.

On September 25, McWilliams faxed the St. Dominic's waiver letter to ARS and YWW. That day, YWW emailed a copy to ARS and asked, "Do you still want to file a complaint?"

On October 7, ARS responded, "PLEASE SHUT THIS FILE DOWN..DEBTR [sic] WAS GIVEN CHARITY."

On October 17, however, YWW sued McWilliams for the full amount, $2,166.80, in the state courts of Mississippi.

The summons YWW enclosed with that lawsuit contained the customary court heading and case caption, after which came this text:

> THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.
>
> **UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT WITHIN**

> **THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE DEBT WILL BE PRESUMED TO BE VALID, IF YOU NOTIFY US WITHIN THIRTY (30) DAYS THAT THE DEBT OR ANY PORTION OF IT IS DISPUTED, WE WILL MAIL VERIFICATION OF THE DEBT TO YOU. ALSO, UPON YOUR REQUEST WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT ONE.**
>
> You are required to mail a copy of a written response to the Complaint to ... Young Wells Williams P.A. and whose address is.... Your response must be mailed within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.
>
> You must also file the original of your response with the Clerk of this Court within a reasonable time afterward....
>
> Although YWW dismissed the debt collection suit on December 3, the summons is the basis for Count III of this litigation. In Count III, McWilliams contends that the summons violated § 1692e(10) of the FDCPA because it falsely stated that she owed a debt, that she still had the right to dispute the debt's validity, and that her failure to contest the validity within 30 days would result in it being presumed valid by the court.

*McWilliams v. Advanced Recovery Sys., Inc.*, --- F. Supp. 3d ----, 2016 WL 1298222, at *1-2 (S.D. Miss. Mar. 31, 2016).

The Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto. Specifically, the Court finds that Plaintiff has standing to bring her claims outlined above under the FDCPA because she properly alleges she (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendants, and (3) that is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

4

Case 3:15-cv-00070-CWR-LRA   Document 80   Filed 10/20/16   Page 5 of 12

## II.    The Certified Classes

As this Court previously determined, the certified classes are defined as follows:

### The Notice Class

All persons located in the State of Mississippi to whom, between February 4, 2014 and February 4, 2015, Young Wells Williams P.A. sent an initial written communication in connection with an attempt to collect any purported consumer debt owed to Advanced Recovery Systems, Inc.

### The Lawsuit Class

All persons located in the State of Mississippi to whom, between February 4, 2014 and February 4, 2015, Young Wells Williams P.A. sent a summons, as part of a lawsuit filed against such person to collect a debt owed to Advanced Recovery Systems, Inc.

*McWilliams v. Advanced Recovery Sys., Inc.*, 301 F.R.D. 337, 340 (S.D. Miss. 2015). Defendants represent that there are 505 class members in total, including Plaintiff.

This Court reaffirms its appointment of Wendy McWilliams as Class Representative, and Michael L. Greenwald of Greenwald Davidson Radbil PLLC as Class Counsel. *See McWilliams*, 301 F.R.D. at 340; *Harper v. Law Office of Harris and Zide, LLP*, Case 3:15-cv-01114-HSG, 2016 WL 2344194 (N.D. Cal. May 4, 2016) (appointing Greenwald Davidson Radbil PLLC as class counsel in FDCPA action); *Schuchardt v. Law Office of Rory W. Clark*, --- F.R.D. ----, 2016 WL 1701349 (N.D. Cal. Apr. 28, 2016) (same); *Rhodes v. Olson Assocs., P.C. d/b/a Olson Shaner*, 83 F. Supp. 3d 1096, 1114 (D. Colo. 2015) (same); *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644, 661 (M.D. Fla. 2015) (same).

## III.    Discussion

The parties have reached an agreement to settle this matter whereby Defendants will create a common fund in the amount of $35,000. The parties submit that this settlement fund

exceeds 1 percent of Defendants' combined net worth on an assets-minus-liabilities basis, which is notable given the cap on statutory damages under the FDCPA. *See* 15 U.S.C. § 1682k(A)(2)(B) ("in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector"). "Thus, the Settlement Fund represents more monetary relief for each Class Member than the FDCPA itself would allow, and therefore represents a recovery in excess of what Plaintiffs would have received had they proceeded with trial." *Schuchardt*, 2016 WL 1701349, at *8. Each participating class member who submits a timely and valid claim form will receive an equal share from the settlement fund. "Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable." *Id*.

Separate from the settlement fund, Defendants will pay a total of $3,000 to Plaintiff, subject to Court approval, in statutory damages and as an incentive for her service to the classes. "Courts have consistently found service awards to be an efficient and productive way to encourage members of a class to become class representatives." *Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 306 (S.D. Miss. 2014).

Defendants will also pay, separate from the settlement fund, reasonable attorneys' fees and litigation expenses to Class Counsel in an amount awarded by the Court. The parties have not agreed on such an amount for fees and expenses. Finally, Defendants will pay all costs of

notice and administration of the settlement, to be performed by a third-party administration company jointly selected by the parties, separate from the settlement fund.

The Court preliminarily finds that the settlement of the lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the class members, after a review of the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Jenkins*, 300 F.R.D. at 302-03 (citing *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 n.11 (5th Cir. 2012) (quoting *Reed v. Gen. Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983))).

A third-party class administrator acceptable to the parties will administer the settlement and notification to class members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the class members. All costs of administration will be paid by Defendants separate and apart from the settlement fund. Upon the recommendation of the parties, the Court appoints the following class administrator: First Class, Inc.

The Court approves the form and substance of the Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit B, as well as the claim form, attached as Exhibit C. The proposed form and method for notifying the class members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute

the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the class members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the notice to the class members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than November 10, 2016**. The class administrator will confirm, and if necessary, update the addresses for the class members through standard methodology that the class administrator currently uses to update addresses.

Any class member who desires to be excluded from the class must send a written request for exclusion to First Class, Inc. with a postmark date **no later than December 19, 2016** (60 days after the entry of this order). To be effective, the written request for exclusion must state the class member's full name, address, telephone number, and email address (if available), along with a statement that the class member wishes to be excluded. Any class member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any class member who intends to object to the fairness of this settlement must file a written objection with the Court **no later than December 19, 2016** (60 days after the entry of this order). Further, any such class member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and counsel for Defendants, Charles G. Copeland and Laurie R. Williams, Copeland, Cook, Taylor & Bush, P.A., 1076 Highland Colony Parkway, Concourse 600, Suite 100, Ridgeland, MS 39157.

To be effective, a notice of intent to object to the settlement must:

    (a)    Contain a heading which includes the name of the case and case number;

    (b)    Provide the name, address, telephone number and signature of the class member filing the objection;

    (c)    Be filed with the Clerk of the Court no later than **December 19, 2016** (60 days after the entry of this order);

    (d)    Be sent to Class Counsel and counsel for Defendants at the addresses designated in the Notice by first-class mail, postmarked no later than **December 19, 2016** (60 days after the entry of this order);

    (e)    Contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney. If the class member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Southern District of Mississippi; and

    (f)    Contain a statement of the specific factual and legal basis for each objection, and proof that the objector is a class member.

Any class member who has timely filed an objection may appear at the Settlement Approval Hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the settlement, and on the application for an award of attorneys' fees, costs, and expenses.

The Court will conduct a hearing on **March 1, 2017** at the United States District Court for the Southern District of Mississippi, 501 East Court Street, Suite 5.500, Jackson, Mississippi 39201, to review and rule upon the following issues:

    A.    To confirm that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23;

    B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the class members and should be approved by the Court;

    C.      Whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

    D.      To discuss and review other issues as the Court deems appropriate.

Attendance by class members at the final approval hearing is not necessary. Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class members wishing to be heard are, however, required to appear at the final approval hearing. The final approval hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Submissions by the parties, including responses to any objections and petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 28 days prior to the final approval hearing, *i.e.*, **no later than February 1, 2017**. Opposition briefs to any of the foregoing must be filed no later than 14 days prior to the final approval hearing, *i.e.*, **no later than February 15, 2017**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days prior to the final approval hearing, *i.e.*, **no later than February 22, 2017.**

The Settlement Agreement and this order will be null and void if any of the following occur:

    A.      The Settlement Agreement is terminated by any of the Parties for cause, and as permitted by the Settlement Agreement;

    B.      The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties; or

      C.      The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

If the Settlement Agreement and/or this order are voided, then the Settlement Agreement will be of no force and effect and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, the Court directs Defendants to cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorney General of the State of Mississippi.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| **Date** | **Event** |
| --- | --- |
| October 20, 2016 | Preliminary Approval Order Entered |
| November 10, 2016 | Notice Sent (21 days after entry of Preliminary Approval Order) |
| December 19, 2016 | Deadline to Send Exclusion or File Objection (60 days after entry of Preliminary Approval Order) |
| February 1, 2017 | Motion for Final Approval and Attorney Fees Papers Filed (28 days before Final Approval Hearing) |
| February 15, 2017 | Opposition to Motion for Final Approval and Attorney Fees Papers (14 days before Final Approval Hearing) |

| | |
|---|---|
| February 22, 2017 | Reply in support of Motion for Final Approval and Attorney Fees Papers (7 days before Final Approval Hearing) |
| March 1, 2017 | Final Approval Hearing Held |

**SO ORDERED**, this the 20th day of October, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
